# APPENDIX

## Notes of Cases Not Otherwise Reported.

STATE OF IOWA v. F. P. COOPER, Appellant.

CRIMINAL PRACTICE: AFFIRMANCE ON TRANSCRIPT, WITHOUT ARGUMENT.

*Appeal from Madison District Court.*—HON. J. H. HENDERSON, Judge.

TUESDAY, DECEMBER 10, 1895.

The defendant, F. P. Cooper, was convicted of the crime of obtaining property by false pretenses, and from the judgment, which provided for his imprisonment in the penitentiary at Ft. Madison for a term of eighteen months he appeals.—*Affirmed.*

*Attorney General* for plaintiff.

*E. G. Bennett, Phillips & Day,* and *W. O. Lucas* for defendant.

Robinson, J.—This cause is submitted without argument, on transcripts of different portions of the record. From these it appears that the appellant and his brother, J. H. Cooper, were indicted jointly for the crime specified; that the appellant alone was placed on trial, and that the charge against him was substantially as follows: In the year 1892, with the aid of his brother, he exchanged for two stallions, owned by one Robert Cleland, of the alleged value of seven hundred and fifty dollars, a promissory note for seven hundred dollars, with a mortgage purporting to secure it on a quarter section of land in the state of Missouri. To effect the trade, the appellant represented that S. B. Jennings, the person who made the note and executed the mortgage, had purchased the mortgaged premises for the sum of two thousand dollars, and had paid the purchase price in full, excepting the sum of seven hundred dollars, for which the note and mortgage in question were given; that Jennings lived on a quarter section of land, which he owned, adjoining this mortgaged quarter; that he was a well-to-do farmer, who had stock on

his farm sufficient for the payment of the note when it should become due; that the appellant was a resident of Rippey, in this state, and owned property sufficient to pay two or three times the amount of the note in question; that Cleland relied upon these representations, and gave his two stallions in exchange for the note and mortgage. We have before us a transcript of the oral evidence given on the trial, but numerous exhibits introduced in evidence are not set out. From the record before us it appears that there was much conflict in the evidence, but that the jury were justified in finding that representations were made to Cleland, substantially as alleged, for the purpose of effecting the trade; that he relied upon them in parting with his property; and that they were false. Jennings lived at Perry, in this state, when the trade was made, but had resided at Rippey when it was the home of the defendants. He had no property excepting a small amount which was exempt from execution. While that was his financial condition, an uncle of the appellant executed to Jennings a deed purporting to convey to him a section of land in the state of Missouri, and the latter gave in payment four notes for seven hundred dollars each and four mortgages, one on each quarter section of the land. The note and mortgage in controversy were included in those given. Jennings gave nothing else for the land, made no other payment on it, never lived on land adjoining it, and was irresponsible financially. The appellant had little, if any, property. We cannot set out all the evidence which tends to show his guilt, but content ourselves with saying that it satisfies us that the entire transaction on his part was a deliberate and successful attempt to obtain from Cleland his property by means of false pretenses, and that the verdict of the jury and judgment of the court were fully warranted by the evidence.

The record submitted to us, although incomplete, is voluminous, and shows that the defendant, aided by attorneys of ability, made a stubborn defense. Various motions show that numerous questions were presented to the trial court for its determination. It is not our custom, in the absence of argument, to treat questions merely suggested by the record, at length. It is sufficient to say that we have read the entire record with care, and do not find any error prejudicial to the defendant. The judgment of the district court is therefore *affirmed*.